IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME JULIUS BROWN             *
         Plaintiff,
    v.                                  *     CIVIL ACTION NO. DKC-13-133

PRINCE GEORGE'S COUNTY SHERIFF    *
  MELVIN C. HIGH
   SHERIFF'S DEPUTY ADGERSON       *
         Defendants.
                                           ***

**MEMORANDUM OPINION**

On January 11, 2013, Jerome Julius Brown ("Brown"), who lists a residential address in Vienna, Virginia, filed a Complaint seeking $80,000.00 in damages in regards to a "land condemnation" matter.[1] (ECF No. 1). The action is accompanied by several documents, including summons, a direct deposit form, a criminal history printout, docket sheets from the United States District Court for the Eastern District of Virginia and this court, a warrant of arrest from the Commonwealth of Virginia, and a letter request for copy work. (*Id.*). The cause of action itself is completely incomprehensible as it consists of numerous disjointed sentences and nonsensical statements. Brown states that:

> "Petition for writ and attachments, Defendants under title 18 U.S.C. § 1001, 5 years in jail or by fine $10,000.00 or both, body attachments Civil Action 1:12CV 1160

---

[1] Brown cites to 42 U.S.C. § 14141 which involves unlawful conduct. Specifically it states that:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

>   Complaint wanted Sheriff's Office  no agency or ORI case #6e00318051 False Entry into public records remarks: subject will attachments #9 completeness Defendants under Title 18 U.S.C. 926(B) carrying firearm patent.  USA 2219@ Fedex.com."

(*Id*.).

Plaintiff has filed over 108 cases with the court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.).[2]  His previous actions in the court generally consist of rambling memoranda and indecipherable attachments.  This case is no different.

While self-represented actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them.[3]  *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985).  Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Erickson v. Pardus*, 551 U.S. 89, 92 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, n. 14 (2007) ("[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires").

---

[2] The miscellaneous standing order prohibits Brown from entering the Northern and Southern Divisions of the Court, limits him to one active case at a time, restricts the manner in which Brown may file papers with the Court, and directs how the Clerk is to handle/return the papers.

[3] A federal court does not act as an advocate for a self-represented claimant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court has unsuccessfully attempted to determine the nature of the claims from a generous construction of the papers. Brown names the Sheriff and a Deputy Sheriff of Prince George's County as Defendants. His documents, however, cite to a land condemnation issue under federal statute, an arrest warrant in Virginia, an order of extradition, and his arrest in September of 2012. Colorable claims cannot be fashioned from this disjointed and senseless pleading. Given the materials presented before this court and plaintiff's litigation history, his Complaint shall be summarily dismissed without requiring amendment/supplementation or the issuance of summons. A separate Order follows.

Date: January 18, 2013.                                  /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge